**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0174n.06

No. 14-1817

| | |
|---|---|
| **UNITED STATES COURT OF APPEALS**<br>**FOR THE SIXTH CIRCUIT** | **FILED**<br>Mar 06, 2015<br>DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
                           ) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR
) THE WESTERN DISTRICT OF
ANTOINETTE KING, ) MICHIGAN
)
    Defendant-Appellant. )
)
)

BEFORE: GRIFFIN and STRANCH, Circuit Judges; STEEH, District Judge.[*]

PER CURIAM. Antoinette King appeals the sentence imposed upon the revocation of her supervised release. We affirm.

In 2005, King pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to ninety-six months of imprisonment. King's three-year term of supervised release began on January 10, 2013. On May 16, 2014, after a positive drug test, the probation office filed a petition with the district court recommending the revocation of King's supervised release on the basis that she had violated the conditions of her supervision by possessing and using cocaine. At the revocation hearing, King admitted this violation. Based on King's Grade B violation and criminal history category of VI, the imprisonment range under the sentencing

---

[*]The Honorable George C. Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

guidelines was twenty-one to twenty-seven months. The district court sentenced King to twenty-one months of imprisonment with no supervised release to follow.

On appeal, King challenges her sentence as substantively unreasonable. We review the substantive reasonableness of King's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) ("Sentences imposed following revocation of supervised release are to be reviewed under the same abuse of discretion standard that we apply to sentences imposed following conviction."). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a sentence within the guidelines range. *Bolds*, 511 F.3d at 581.

King contends that a twenty-one-month sentence is substantively unreasonable, given that this was her first violation after over fifteen months on supervised release, she realized and admitted that she had a drug problem, and she took steps to find a suitable rehabilitation program. While King admitted at the revocation hearing that she used cocaine, her probation officer stated that this was the first admission that he had received. The district court pointed out that King did not seek assistance from her probation officer after she used cocaine and that she denied using cocaine when her probation officer contacted her about the test results. King's probation officer stated that he would have preferred graduated sanctions but that King would

not admit her use of cocaine and was not open to drug treatment. The court sentenced King to twenty-one months of imprisonment with no supervised release to follow.

The record demonstrates that the district court considered the relevant sentencing factors, including the nature and circumstances of King's violation, her refusal to comply with the supervised release conditions, the inability of those conditions to address her characteristics, and the risk of continued behavior, and did not select the sentence arbitrarily, base it on impermissible factors, or give an unreasonable amount of weight to any factor. King has not overcome the presumption that her within-guidelines sentence is substantively reasonable.

Accordingly, we affirm King's sentence.